**Geoff Trapp**
2551 East Avenue S, Suite G-166
Palmdale, CA 93550
(661) 214-4412
GrandmaHasAlzheimers@protonmail.com
*Not in his personal capacity, but solely in his official capacity as*
*Temporary Conservator of the Estate for Litigation Affairs of Clotee Downing*

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>2nd CHANCE INVESTMENT GROUP, LLC,<br><br>Debtor | Case No.: 8:22-bk-12142-SC<br><br>Chapter 11 Case<br><br>Adv. Case No.: 8:23-ap-_____-SC<br><br>**COMPLAINT FOR**<br><br>1) **REVOCATION OF ORDER CONFIRMING CHAPTER 11 PLAN PURSUANT TO 11 U.S.C. § 1144;**<br><br>**JURY TRIAL DEMANDED** |
| CLOTEE DOWNING, a legally incompetent individual,<br><br>Plaintiff,<br><br>vs.<br><br>2ND CHANCE INVESTMENT GROUP LLC, a California Limited Liability Partnership; RAYSHWAN ANDREW FOSTER a.k.a. RAYSHAWN FOSTER a.k.a. RAYSHON FOSTER a.k.a. RAYSHON BOYD, an individual; SONJA FOSTER a.k.a. SONJA KIRK a.k.a. SONIA PEREZ, an individual; DAVID M. GOODRICH, an individual; DOES 1 – 100<br><br>Defendants | |

1

Clotee Downing ("**Downing**"), a legally incompetent 83-year-old woman with Stage 7 Alzheimer's Disease, by and through her court-appointed Conservator of Estate Geoff Trapp, respectfully alleges as follows:

## I. SUBJECT MATTER JURISDICTION AND VENUE

1. This adversary proceeding relates to the Chapter 11 bankruptcy case entitled *In re 2nd Chance Investment Group LLC.*, Case No.: 8:22-bk-12142-SC ("Bankruptcy Case"). This Court has jurisdiction to adjudicate the issues raised in this adversary proceeding under 28 U.S.C. § 1334, but pursuant to FRBP 7008, the Plaintiff cannot consent to the Bankruptcy Court entering a final judgment and order.

2. On December 21, 2022 (the "Petition Date"), 2nd Chance Investment Group LLC ("Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the Bankruptcy Case.

3. On February 12, 2024, this Court entered an Order Confirming Debtor's First Amended Chapter 11 Liquidating Plan As Modified (Doc 381).

4. The Plaintiff brings this Adversary Proceeding under 11 U.S.C. § 1144 to have that Order revoked for having been procured by fraud.

5. This adversary proceeding involves property worth more than $1,000 and does not involve a consumer debt. Venue in this judicial district is appropriate under 28 U.S.C. §§ 1409(a) and/or (c), because the Bankruptcy Case is pending in the Central District of California.

## II. PARTIES

6. Plaintiff Clotee Downing ("**Downing**") is a legally incompetent 83-year-old woman who is suffering from Stage 7 Alzheimer's Disease.

7. Geoff Trapp ("**Conservator**") has been appointed as Downing's Conservator of Estate by The Superior Court of California for the County of Los Angeles, and authorized to conduct this litigation on her behalf.

8.    Defendant 2nd Chance Investment Group LLC ("**Debtor**") is a California entity that was organized on July 29, 2016. It claims to have conducted business across California and in other states.

9.    Defendant Rayshwan Foster ("**Ray**") is an individual who, according to the Debtor's amended plan and disclosure statement (Docket Nos. 268 and 269), owns 52% of the Debtor. Ray has been telling this Court (and everyone else for the last 20 years) that his first name is spelled Rayshon, but that's a lie. Ray's real first name is spelled Rayshwan, and he's a federally convicted cocaine trafficker (*see* USA v. Foster (1997) D. Kans. 6-97-cr-10099; *also* USA v. Foster (2001) C.D. Cal 2:01-cr-00546). After being released from Federal prison on 12/16/2003, Ray adopted a succession of pseudonyms, including Rayshwan Foster, Rayshon Boyd, and most recently Rayshon or Ray Foster, all in an apparent attempt to hide the truth about his criminal past.

10.    Defendant Sonja Foster ("**Sonja**") is an individual who, according to the Debtor's amended plan and disclosure statement (Docket Nos. 268 and 269), owns 48% of the Debtor. Sonja is know to have previously gone by the names Sonia Foster, Sonia Perez, and Sonja Kirk.

11.    Defendant David M. Goodrich ("**Goodrich**") is an individual who has working in his personal capacity as the Chief Restructuring Office of the Debtor, subject to a private employment agreement between himself and the Debtor / Ray which was entered into prior to the filing of the Bankruptcy Case. Under the terms of said employment agreement, Goodrich reports directly to Ray.

12.    Does 1-100 are individuals or entities that aided, abetted, enabled or otherwise assisted Ray, Sonja, Goodrich or the Debtor in causing injuries to Downing's person, property, or legal rights, or whom directly themselves caused injuries to Downing's person, property, or legal rights. Plaintiff's Guardians either do not know the true names of these Does, or have not yet been able to gather sufficient information, about the facts and methods by which these Does injured Downing, to state a plausible claim on Downing's behalf under the heightened Federal pleading standards imposed by

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (hereinafter colloquially referred to as "*Twiqbal*"). Plaintiff therefore names these individuals as Does, and will seek to file an amended complaint substituting their true names, and supporting fact patterns, when she obtains sufficient information to do so.

### III. GENERAL ALLEGATIONS

13. The Debtor, Ray, the Debtor's Chief Restructuring Officer Defendant David M. Goodrich ("Goodrich"), and the attorneys and officers of the Court who are representing the Debtor, all filed multiple documents in the Bankruptcy Case – sworn under penalty of perjury - claiming that the Debtor had operated a real estate "business."

14. However, eight months of research into public records in multiple jurisdictions, and interviews with multiple victims, has revealed that the Debtor is not and has never been a legitimate entity or business. It is instead only a legal fig leaf alter ego for Ray and Sonja (collectively, the "**Fosters**"), which the Fosters have used as a vehicle to conduct a series of criminal real estate, mortgage, and Ponzi fraud schemes.

15. Furthermore, the Plaintiff has evidence that the Fosters have been committing these crimes under various entity alter egos since 2005.

16. Multiple documents filed under penalty of perjury, have also claimed that in the course of that alleged business, the Debtor acquired a lawfully vested fee simple ownership interest in fourteen houses, including Downing's home at 37472 Yorkshire Dr., Palmdale, CA 93550 ("**Downing's home**").

17. The Debtor never had any lawful ownership interest in Downing's home. Instead, Ray tricked Downing into signing a grant deed agter she was already legally incompetent from Stage 6 Alzheimer's Disease. Downing lacked the legal capacity necessary to consent to the transaction, so the grant deed is void ab inito.

18. Furthermore, the grant deed was also void as a function of law under Cal. Civil Code § 1695.12, because Downing's home was in foreclosure when the grant deed was signed, and Ray promised Downing that he would give the home back to her after she paid him $1,000 a month for five years. A written version of this promise was

submitted on the record of this case, as part of the motion for an Order authorizing the sale of Downing's home (so the buyer had notice).

19. The Conservator is in communication with nine of the fourteen homeowners, and can report to this Court that all nine of their homes were also stolen through title fraud, and the Debtor never had any lawfully vested ownership interest in any of them.

20. Many of the creditors who received payments under the Plan were aware that the source of those funds was the sale of stolen real properties, which the Debtor never had any cognizable ownership interest in. Accordingly, said debtors did not rely on the Plan in good faith, and are therefore not entitled to keep any of the stolen goods they received.

## FIRST CLAIM FOR RELIEF

**(Revocation Of Order Confirming Chapter 11 Plan Pursuant To 11 U.S.C. § 1144)**

21. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in the paragraphs above.

22. The entire Bankruptcy Case has been a massive bankruptcy fraud scheme.

23. The Chapter 11 Plan which this Court approved was based on the fundamental lie that the Debtor lawfully owned real properties which it did not lawfully own.

24. The Debtor's intent in asking the Court to approve that plan was to commit a massive fraud upon this Court, by fraudulently exploiting this Court and the bankruptcy code as a device by which to launder its stolen property, and allow the Fosters to escape criminal liability for their crimes.

25. The Debtor's CRO and its attorneys were both aware that the Debtor was not the lawful owner of the real properties it claimed to have a fee simple interest in, and that they were assisting the Debtor in knowingly selling stolen property.

26. These officers of the court choose to conceal these facts from the Court, and proceed with assisting the Fosters and the Debtor in committing these crimes anyway.

27. Plaintiff is amongst the multiple homeowners who have suffered grievous injuries to their estate and person as a result of these criminal acts by the Debtor, its CRO and its attorneys.

28. The extent of this fraud is so egregious as to warrant revocation of the Order Confirming the Chapter 11 Plan.

## PRAYER

Plaintiff prays for an Order revoking the 2/12/2024 Order Confirming the Chapter 11 Plan.

## JURY TRIAL DEMANDED

The Plaintiff demands a jury trial.

Dated: August 9, 2024.                    Respectfully submitted,

*/s/ Geoff Trapp*
Geoff Trapp
Conservator of Estate for Clotee Downing