David M. Goodrich
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Former Chief Restructuring Officer and
Liquidating Trustee for Debtor/In Pro Per

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>2ND CHANCE INVESTMENT GROUP, LLC,<br><br>Debtor.<br><br>_____<br><br>CLOTEE DOWNING, a legally incompetent individual,<br><br>Plaintiff,<br><br>vs.<br><br>2nd CHANCE INVESTMENT GROUP LLC, erroneously sued as a California limited liability partnership, RAYSHAWN ANDREW FOSTER a.k.a. RAYSHON FOSTER a.k.a. RAYSHON FOSTER a.k.a. RAYSHON BOYD, an individual; SONJA FOSTER aka SONJA KIRK a.k.a. SONIA PEREZ, an individual; DAVID M. GOODRICH, an individual; DOES 1-100<br><br>Defendants, | Case No. 8:22-bk-12142-SC<br><br>Adv. Pro. No.: 8:24-ap-01105 SC<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FRCP 12(b)(6); DECLARATION OF DAVID M. GOODRICH IN SUPPORT**<br><br>**<u>Hearing Date, Time and Location</u>**<br>Date:    October 2, 2024<br>Time:    10:00 a.m.<br>Courtroom:    5C<br>Place:    411 W. Fourth St.<br>    Santa Ana, California 92701 |

1

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, PLAINTIFF CLOTEE DOWNING, THIRD PARTY GEOFF TRAP, ALL CO-DEFENDANTS, AND OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that on October 2, 2024 at 11:00 a.m., in Courtroom 5C of the United States Bankruptcy Court located at 411 West Fourth Street, Santa Ana, California 92701, David M. Goodrich, the former chief restructuring officer and current liquidating trustee of the 2nd Chance Investment Group LLC Liquidating Trust ("Trustee") will and hereby does move the Court for an order dismissing the complaint ("Complaint") filed by Clotee Downing ("Plaintiff"), allegedly a legally incompetent 83 year-old woman, by and through her court-appointed Conservator of Estate Geoff Trapp ("Trapp") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure ("FRBP"), for failure to state a claim upon which relief can be granted ("Motion"). The Motion is based upon this Notice and Motion, the following memorandum of points and authorities, the attached declaration of David M. Goodrich ("Goodrich Declaration"), the pleadings and files in debtor's bankruptcy case, and upon such further oral and documentary evidence as may be presented to the Court.

PLEASE TAKE FURTHER NOTICE that if you do not oppose the Motion, you need take no further action. However, if you object to the Motion, pursuant to Rule 9013-1 of the Local Bankruptcy Rules, any opposition must be filed with the Court no later than fourteen (14) days prior to the hearing on the Motion and must be served upon the Trustee and the Office of the United States Trustee. Any failure to timely file and serve an opposition may result in a waiver of any such opposition and the court may enter an order granting the Motion without further notice.

Dated: September 11, 2024

            By: */s/ David M. Goodrich*
               DAVID M. GOODRICH
               Former Chief Restructuring Officer and
               Liquidating Trustee for 2nd Chance Investment
               Group, LLC

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION/SUMMARY**

This proceeding relates to the Chapter 11 bankruptcy case entitled *In re 2nd Chance Investment Group LLC*, case# 8:22-bk-12142-SC ("Bankruptcy Case"). As the Complaint alleges and admits, debtor 2nd Chance Investment Group LLC ("Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on December 21, 2022.[1] *See* **Exhibit 1** to the Declaration of David M. Goodrich. As the Complaint also alleges, the Court entered an order confirming Debtor's *First Amended Chapter 11 Liquidating Plan As Modified o*n February 12, 2024. *Id.*

Plaintiff, Clotee Downing ("Plaintiff"), allegedly a legally incompetent 83 year-old woman, by and through her court-appointed Conservator of Estate Geoff Trapp, filed the instant *Complaint for (1) Revocation of Order Confirming Chapter 11 Plan Pursuant to 11 U.S.C. §1144* ("Complaint") against defendants Debtor 2nd Chance Investment Group, LLC, Rayshawn Andrew Foster a.k.a. Rayshawn Foster a.k.a. Rayshon Foster a.k.a. Rayshon Boyd (hereinafter "Rayshon Foster"), Sonja Foster a.k.a. Sonja Kirk a.k.a. Sonia Perez (hereinafter "Sonja Foster") (hereinafter Rayshon Foster and Sonja Foster are collectively referred to as the "Fosters"), and the Trustee asking this Court to revoke the order confirming the chapter 11 plan pursuant to 11 U.S.C. §1144.

The Complaint alleges, among other things, that the Debtor, Ray Foster and Sonja Foster, and the Trustee all separately filed documents in the Bankruptcy Case that knowingly contained false representations in an effort to confirm the Debtor's chapter 11 plan.

The claims for relief should be dismissed because there is no relief that can be granted as a result of the Plaintiff's delay in seeking a revocation of the confirmation order. Moreover, the Plaintiff's generic claims of fraud fail to meet the notice standard required under FRCP 8. As such, the Court should grant this Motion and deny any request for leave to amend the Complaint because it is fatally flawed and cannot be amending to correct these deficiencies.

---

[1] The Trustee requests the Court take judicial notice of the dates of filing of certain pleadings on its docket.

4876-7811-0391.1                             3

## II.    ARGUMENT

### A. Standard for Dismissal of a Complaint

A complaint shall be dismissed when it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). This occurs when a plaintiff's complaint fails to provide grounds for his or her entitlement to relief. Fed. R. Civ. P. 8; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-557 (2007). FRCP 8(a)(2) of the Federal Rules of Civil Procedure require a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). To satisfy the requirement, a plaintiff must provide "enough facts to state a claim to relief that is plausible on its facts." *Twombly*, *supra*, at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal, supra*, at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* If the well-pleaded factual allegations fail to make it more than just "possible" defendant is liable, then plaintiff has not shown entitlement to relief and the court should dismiss the complaint." *Iqbal*, *supra,* at 678-79; *Twombly*, *supra,* at 570; *Allstate Ins. Co. v. Countrywide Fin. Corp.*, 842 F.Supp.2d 1216, 1223-30 (C.D. Cal. 2012) (dismissing fraudulent transfer claims for failure to plead facts showing the plausibility of each element).

While well-pleaded factual allegations are presumed to be true, this presumption does not apply to mere "labels and conclusion" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, *supra,* at 678. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. Further, a court "is not . . . required to accept any unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations." *Brown v. Electronic Arts, Inc.*, 724 F.3d 1235, 1248 (9th Cir. 2013) (internal citation and quotation marks omitted). "Conclusory

allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (internal citation and quotations omitted).

When it appears that no amendment to a complaint could cure its defects such that a claim for relief could be stated, it is appropriate to dismiss the complaint with prejudice. *General Guaranty Ins. Co. v. Parkerson*, 369 F.2d 821 (5th Cir. 1966).

### B.  The Claims for Relief Are Untimely

11 U.S.C. §1144 permits "on request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if and only if such order was procured by fraud…"
11 U.S.C. § 1144

As the Complaint alleges, the order confirming the plan was entered on February 12, 2024. *See* **Exhibit 1**, 2:13-14.   The Adversary Complaint was filed August 12, 2024, which is 182 days after the date of the entry of the order of confirmation.[2]  *See* **Exhibit 1**; Goodrich Declaration.

Section 1144 is a statute of repose. *See Official Comm. of Unsecured Creditors v. Michelson (In re Michelson)*, 141 B.R. 715, 723 (Bankr. E.D. Cal. 1992); *Huntington Banks of Mich. v. Felcor/Lax Holdings LP*, 9 F. App'x 669, 670 (9th Cir. 2001) ("Section 1144's six-month time limit to file actions seeking revocation of a Plan is absolute, and no motion for revocation may be filed once the period has expired, regardless of the circumstances." (citing *Farley v. Coffee Cupboard, Inc.* (*In re Coffee Cupboard, Inc.*), 119 B.R. 14, 19 (E.D.N.Y. 1990) )); Rule 9024 ("[A] complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330.").

The Plaintiff filed the Complaint after the 180-day period provided by § 1144 lapsed.  As a result, the Plaintiff's claim seeking revocation of the confirmation order is untimely and relief can no longer be granted.  The Plaintiff's claim seeking revocation should be dismissed with prejudice.

---

[2] The Trustee requests the Court take judicial notice of the dates between the entry of the confirmation order and the date of the filing of the Complaint.

4876-7811-0391.1

5

**C. The Complaint Fails to State with Specificity Claims of Fraud**

**1.      Revocation of Confirmation Order**

Section 1144 authorizes the Court to revoke a confirmation order that is "procured by fraud."  11 U.S.C. § 1144.  Section 1144 does not define the phrase "procured by fraud."  *Id.*  Accordingly, the Court must determine if the confirmation order was procured by fraud.  *In re Michelson* (B.A.P. 9th Cir. 1992) 141 B.R. 715, 724 ( "Since the Congress did not define what constitutes "procured by fraud" for purposes of revoking confirmation, the question is left to judicial construction... the relatively broad range of frauds that justified revoking confirmation under the Bankruptcy Act confirms that a fraud upon the court is at the heart of "procured by fraud" as that term is used at section 1144.").

The Complaint attempts to cobble together alleged fraudulent statements and representations attributable to the Trustee without providing any details of the statements or representations made by the Trustee.  FRCP 8(a) ensures the Trustee is provided with adequate notice of the claims leveled against him.  The Complaint, however, provides nothing more than a blanket claim that the Trustee was aware the "real properties" were not owned by the Debtor and that the Trustee, along with the Debtor's professionals, concealed facts.  *See* **Exhibit 1**, 5:23-27.

It is possible to construe the Complaint to allege that the Trustee was aware of the Debtor's lack of interest of real property claimed to be owned by the Debtor and that the Trustee knowingly assisted the Debtor in "selling stolen property" since it is referenced in the Complaint.  *See* **Exhibit 1**, 4:17-20; 5:23-25.  If this is the Plaintiff's claim, it is an attempt to collaterally attack the Court's order relating to real property located at 37472 Yorkshire Drive, Palmdale, CA 93550 ("Property").  In granting the Motion, the Court authorized the sale of the Property.  The Court's sale order for the Property was not appealed and the Property was sold.  As a result, any challenge to the Debtor's ability to sell the Property and the subsequent sale of the Property is res judicata.  Should the Court revoke the confirmation order, the finality of the sale of the Property cannot be unwound.  The issue is no longer ripe and any claim relating to the sale of the Property should be dismissed.

Other than alleging the Trustee was aware of the Debtor's lack of legal interest in real property, purportedly concealed facts regarding the ownership claims of third parties, and a passing

reference to a "Ponzi Scheme," there is nothing more offered by the Plaintiff in her Complaint in support of her revocation claim. FRCP 8(a) and Section 1144 require far more. As such, the Plaintiff has not stated a cognizable claim under FRCP 8 and § 1144 and the Complaint should be dismissed with prejudice.

### 2.   Claims of Fraud Against the Trustee.

It is difficult to discern from the Complaint if any relief is sought against the Trustee. The Complaint appears to contend the Trustee was an officer of the Court. *See* **Exhibit 1**, 5:26-27. In his role as former chief restructuring officer, the Trustee was not acting as an attorney for the Debtor. The allegations in the Complaint acknowledge this fact. *Id*, 3:17-21. To the extent the Complaint seeks remedies against the Trustee in his capacity as an attorney (aka "officer of the court"), the Complaint must be dismissed because the allegations are factually and irreversibly flawed and cannot be rectified.

Further, the Complaint is vague regarding any claims of potential claims against the Trustee. As noted above, FRCP 8(a) ensures the Trustee is provided with adequate notice of the claims leveled against him. The Complaint provides nothing more than a blanket claim that the Trustee was aware the "real properties" were not owned by the Debtor. *See* **Exhibit 1**, 5:23-25. The Complaint further alleges with vague generalities that the Trustee was aware of the Debtor's lack of interest of real property claimed to be owned by the Debtor and that the Trustee knowingly assisted the Debtor in "selling stolen property." See **Exhibit 1**, 5:23-25. To the extent the Plaintiff seeks relief against the Trustee, the Complaint fails to meet the pleading requirements of FRCP 8(a). As a result, the Court should dismiss the Complaint for failing to state a claim for relief.

## III. CONCLUSION

Based upon the foregoing, the Trustee requests that the Complaint be dismissed with prejudice.

Dated: September 11, 2024

By:  */s/ David M. Goodrich*
DAVID M. GOODRICH
Former Chief Restructuring Officer and
Liquidating Trustee for 2nd Chance Investment Group, LLC

## DECLARATION OF DAVID M. GOODRICH[3]

I, David M. Goodrich, declare as follows:

1. I am the former Chief Restructuring Officer and the current Liquidating Trustee of 2nd Chance Investment Group, LLC, the debtor ("Debtor"). The following is within my personal knowledge and, if called upon as a witness, I could and would testify competently with respect thereto.

2. Attached hereto as **Exhibit 1** is a true and correct copy of the Complaint filed by the Plaintiff.

3. I calculate the days between February 12, 2024 and August 12, 2024 to be 182 days. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 11th day of August, 2024, at Costa Mesa, California.

                                                            */s/ David M. Goodrich*
                                                            DAVID M. GOODRICH

---

[3] Capitalized terms have the same meaning or definition as the capitalized terms in the Application.

# Exhibit 1

**Geoff Trapp**
2551 East Avenue S, Suite G-166
Palmdale, CA 93550
(661) 214-4412
GrandmaHasAlzheimers@protonmail.com
*Not in his personal capacity, but solely in his official capacity as*
*Temporary Conservator of the Estate for Litigation Affairs of Clotee Downing*

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No.: 8:22-bk-12142-SC |
| 2nd CHANCE INVESTMENT GROUP, LLC, | Chapter 11 Case |
| | Adv. Case No.: 8:23-ap-_____-SC |
| Debtor | **COMPLAINT FOR** |
| | 1) **REVOCATION OF ORDER CONFIRMING CHAPTER 11 PLAN PURSUANT TO 11 U.S.C. § 1144;** |
| CLOTEE DOWNING, a legally incompetent individual, | |
| Plaintiff, | |
| vs. | **JURY TRIAL DEMANDED** |
| 2ND CHANCE INVESTMENT GROUP LLC, a California Limited Liability Partnership; RAYSHWAN ANDREW FOSTER a.k.a. RAYSHAWN FOSTER a.k.a. RAYSHON FOSTER a.k.a. RAYSHON BOYD, an individual; SONJA FOSTER a.k.a. SONJA KIRK a.k.a. SONIA PEREZ, an individual; DAVID M. GOODRICH, an individual; DOES 1 – 100 | |
| Defendants | |

1

Clotee Downing ("**Downing**"), a legally incompetent 83-year-old woman with Stage 7 Alzheimer's Disease, by and through her court-appointed Conservator of Estate Geoff Trapp, respectfully alleges as follows:

## I. SUBJECT MATTER JURISDICTION AND VENUE

1. This adversary proceeding relates to the Chapter 11 bankruptcy case entitled *In re 2nd Chance Investment Group LLC.*, Case No.: 8:22-bk-12142-SC ("Bankruptcy Case"). This Court has jurisdiction to adjudicate the issues raised in this adversary proceeding under 28 U.S.C. § 1334, but pursuant to FRBP 7008, the Plaintiff cannot consent to the Bankruptcy Court entering a final judgment and order.

2. On December 21, 2022 (the "Petition Date"), 2nd Chance Investment Group LLC ("Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the Bankruptcy Case.

3. On February 12, 2024, this Court entered an Order Confirming Debtor's First Amended Chapter 11 Liquidating Plan As Modified (Doc 381).

4. The Plaintiff brings this Adversary Proceeding under 11 U.S.C. § 1144 to have that Order revoked for having been procured by fraud.

5. This adversary proceeding involves property worth more than $1,000 and does not involve a consumer debt. Venue in this judicial district is appropriate under 28 U.S.C. §§ 1409(a) and/or (c), because the Bankruptcy Case is pending in the Central District of California.

## II. PARTIES

6. Plaintiff Clotee Downing ("**Downing**") is a legally incompetent 83-year-old woman who is suffering from Stage 7 Alzheimer's Disease.

7. Geoff Trapp ("**Conservator**") has been appointed as Downing's Conservator of Estate by The Superior Court of California for the County of Los Angeles, and authorized to conduct this litigation on her behalf.

8. Defendant 2nd Chance Investment Group LLC ("**Debtor**") is a California entity that was organized on July 29, 2016. It claims to have conducted business across California and in other states.

9. Defendant Rayshwan Foster ("**Ray**") is an individual who, according to the Debtor's amended plan and disclosure statement (Docket Nos. 268 and 269), owns 52% of the Debtor. Ray has been telling this Court (and everyone else for the last 20 years) that his first name is spelled Rayshon, but that's a lie. Ray's real first name is spelled Rayshwan, and he's a federally convicted cocaine trafficker (*see* USA v. Foster (1997) D. Kans. 6-97-cr-10099; *also* USA v. Foster (2001) C.D. Cal 2:01-cr-00546). After being released from Federal prison on 12/16/2003, Ray adopted a succession of pseudonyms, including Rayshwan Foster, Rayshon Boyd, and most recently Rayshon or Ray Foster, all in an apparent attempt to hide the truth about his criminal past.

10. Defendant Sonja Foster ("**Sonja**") is an individual who, according to the Debtor's amended plan and disclosure statement (Docket Nos. 268 and 269), owns 48% of the Debtor. Sonja is know to have previously gone by the names Sonia Foster, Sonia Perez, and Sonja Kirk.

11. Defendant David M. Goodrich ("**Goodrich**") is an individual who has working in his personal capacity as the Chief Restructuring Office of the Debtor, subject to a private employment agreement between himself and the Debtor / Ray which was entered into prior to the filing of the Bankruptcy Case. Under the terms of said employment agreement, Goodrich reports directly to Ray.

12. Does 1-100 are individuals or entities that aided, abetted, enabled or otherwise assisted Ray, Sonja, Goodrich or the Debtor in causing injuries to Downing's person, property, or legal rights, or whom directly themselves caused injuries to Downing's person, property, or legal rights. Plaintiff's Guardians either do not know the true names of these Does, or have not yet been able to gather sufficient information, about the facts and methods by which these Does injured Downing, to state a plausible claim on Downing's behalf under the heightened Federal pleading standards imposed by

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (hereinafter colloquially referred to as "*Twiqbal*"). Plaintiff therefore names these individuals as Does, and will seek to file an amended complaint substituting their true names, and supporting fact patterns, when she obtains sufficient information to do so.

### III. GENERAL ALLEGATIONS

13. The Debtor, Ray, the Debtor's Chief Restructuring Officer Defendant David M. Goodrich ("Goodrich"), and the attorneys and officers of the Court who are representing the Debtor, all filed multiple documents in the Bankruptcy Case – sworn under penalty of perjury - claiming that the Debtor had operated a real estate "business."

14. However, eight months of research into public records in multiple jurisdictions, and interviews with multiple victims, has revealed that the Debtor is not and has never been a legitimate entity or business. It is instead only a legal fig leaf alter ego for Ray and Sonja (collectively, the "**Fosters**"), which the Fosters have used as a vehicle to conduct a series of criminal real estate, mortgage, and Ponzi fraud schemes.

15. Furthermore, the Plaintiff has evidence that the Fosters have been committing these crimes under various entity alter egos since 2005.

16. Multiple documents filed under penalty of perjury, have also claimed that in the course of that alleged business, the Debtor acquired a lawfully vested fee simple ownership interest in fourteen houses, including Downing's home at 37472 Yorkshire Dr., Palmdale, CA 93550 ("**Downing's home**").

17. The Debtor never had any lawful ownership interest in Downing's home. Instead, Ray tricked Downing into signing a grant deed agter she was already legally incompetent from Stage 6 Alzheimer's Disease. Downing lacked the legal capacity necessary to consent to the transaction, so the grant deed is void ab inito.

18. Furthermore, the grant deed was also void as a function of law under Cal. Civil Code § 1695.12, because Downing's home was in foreclosure when the grant deed was signed, and Ray promised Downing that he would give the home back to her after she paid him $1,000 a month for five years. A written version of this promise was

submitted on the record of this case, as part of the motion for an Order authorizing the sale of Downing's home (so the buyer had notice).

19. The Conservator is in communication with nine of the fourteen homeowners, and can report to this Court that all nine of their homes were also stolen through title fraud, and the Debtor never had any lawfully vested ownership interest in any of them.

20. Many of the creditors who received payments under the Plan were aware that the source of those funds was the sale of stolen real properties, which the Debtor never had any cognizable ownership interest in. Accordingly, said debtors did not rely on the Plan in good faith, and are therefore not entitled to keep any of the stolen goods they received.

## FIRST CLAIM FOR RELIEF
**(Revocation Of Order Confirming Chapter 11 Plan Pursuant To 11 U.S.C. § 1144)**

21. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in the paragraphs above.

22. The entire Bankruptcy Case has been a massive bankruptcy fraud scheme.

23. The Chapter 11 Plan which this Court approved was based on the fundamental lie that the Debtor lawfully owned real properties which it did not lawfully own.

24. The Debtor's intent in asking the Court to approve that plan was to commit a massive fraud upon this Court, by fraudulently exploiting this Court and the bankruptcy code as a device by which to launder its stolen property, and allow the Fosters to escape criminal liability for their crimes.

25. The Debtor's CRO and its attorneys were both aware that the Debtor was not the lawful owner of the real properties it claimed to have a fee simple interest in, and that they were assisting the Debtor in knowingly selling stolen property.

26. These officers of the court choose to conceal these facts from the Court, and proceed with assisting the Fosters and the Debtor in committing these crimes anyway.

27.  Plaintiff is amongst the multiple homeowners who have suffered grievous injuries to their estate and person as a result of these criminal acts by the Debtor, its CRO and its attorneys.

28.  The extent of this fraud is so egregious as to warrant revocation of the Order Confirming the Chapter 11 Plan.

## PRAYER

Plaintiff prays for an Order revoking the 2/12/2024 Order Confirming the Chapter 11 Plan.

## JURY TRIAL DEMANDED

The Plaintiff demands a jury trial.

Dated: August 9, 2024.                    Respectfully submitted,

_____
Geoff Trapp
Conservator of Estate for Clotee Downing

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3070 Bristol St., Suite 640, Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*):  **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FRCP 12(B)(6); DECLARATION OF DAVID M. GOODRICH IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **September 11, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
Charity J Manee    cmanee@goeforlaw.com, kmurphy@goeforlaw.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) **September 11, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)**:**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 11, 2024 | David M. Fitzgerald | *David M. Fitzgerald* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE
0.0

**SERVED BY UNITED STATES MAIL:**

| | |
|---|---|
| Clotee Downing, a legally incompetent individual<br>c/o Geoff Trapp<br>Temporary Conservator of the Estate<br>2551 East Avenue S, Suite G-166<br>Palmdale, CA 93550 | Honorable Scott C. Clarkson<br>United States Bankruptcy Court<br>Central District of California, Santa Ana Division<br>411 W. Fourth St., Ste 5130/Ctrm 5C<br>Santa Ana, CA  92701-4593 |
| Andy Warshaw<br>Financial Relief Law Center, APC<br>1200 Main Street, Ste #C<br>Irvine, CA 92614 | |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  
0.0

**F 9013-3.1.PROOF.SERVICE**