Rich Sturdevant SBN 269088
**Financial Relief Law Center, APC**
1200 Main St. Ste C
Irvine, CA 92614
Telephone: (714) 442-3335
Facsimile: (714) 361-5376
rich@bwlawcenter.com

Attorneys for Defendant

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>2nd Chance Investment Group,<br><br>Debtors. | Adversary Case# 8:24-ap-01105-SC<br><br>Bankruptcy Case# 8:22-bk-12142-SC<br><br>Chapter 11 |
| CLOTEE DOWNING, a legally incompetent individual,<br><br>Plaintiff,<br><br>v.<br><br>2nd CHANCE INVESTMENT GROUP LLC, a California Limited Liability Partnership; RAYSHWAN ANDREW FOSTER a.k.a. RAYSHAWN FOSTER a.k.a. RAYSHON FOSTER a.k.a. RAYSHON BOYD, an individual; SONJA FOSTER a.k.a. SONJA KIRK a.k.a. SONIA PEREZ, AN INDIVIDUAL; DAVID M. GOODRICH, an individual; DOES 1-100;<br><br>Defendants. | **MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6)**<br><br>**Hearing:**<br>Judge: Hon. Scott Clarkson<br>Date:  October 2, 2024<br>Time:  10:00 a.m.<br>Place: 411 West Fourth Street<br>         Santa Ana, CA 92701<br>Ctrm:  5C |

MOTION TO DISMISS COMPLAINT - 1

## INTRODUCTION

Pursuant to LBR 7008-1, Defendant Debtor 2nd Chance Investment Group LLC consents to entry of final orders or judgment by the bankruptcy court.

This adversary proceeding relates to the Chapter 11 bankruptcy case entitled *In re 2nd Chance Investment Group LLC*, case# 8:22-bk-12142-SC ("Bankruptcy Case"). On December 21, 2022 ("Petition Date"), Debtor 2nd Chance Investment Group LLC (hereinafter "Debtor" or "2nd Chance") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the Bankruptcy Case. On February 12, 2024, the court entered an order confirming Debtor's *First Amended Chapter11 Liquidating Plan As Modified* [Bankruptcy Case Dkt. No. 381].

Plaintiff, Clotee Downing (hereinafter "Plaintiff"), allegedly a legally incompetent 83 year-old woman, by and through her alleged court-appointed Conservator of Estate Geoff Trapp (hereinafter "Trapp"), filed the *Complaint for 1) Revocation of Order Confirming Chapter 11 Plan Pursuant to 11 U.S.C. §1144* ("Complaint") against defendants Debtor 2nd Chance Investment Group, LLC, Rayshawn Andrew Foster a.k.a. Rayshawn Foster a.k.a. Rayshon Foster a.k.a. Rayshon Boyd (hereinafter "Rayshon Foster"), Sonja Foster a.k.a. Sonja Kirk a.k.a. Sonia Perez (hereinafter "Sonja Foster") (hereinafter Rayshon Foster and Sonja Foster are collectively referred to as the "Fosters"), and Debtor's chief restructuring officer David M. Goodrich (hereinafter "CRO Goodrich") asking this Court to revoke the order confirming the chapter 11 plan pursuant to 11 U.S.C. §1144.

Trapp's Complaint makes general allegations that the Debtor, Ray Foster and Sonja Foster, and CRO Goodrich all separately filed documents in the Bankruptcy Case falsely attesting that the Debtor operated as a real estate business. The Complaint further alleges, but does not attribute to any particular defendant, that documents filed in the Bankruptcy Case falsely claim that the Debtor lawfully acquired a fee simple interest in Plaintiff Clotee Downing's real property commonly known as 37472 Yorkshire Dr., Palmdale, CA 93550 (the

"Real Property"). The Complaint further alleges that deed granting the Real Property to Debtor is void as a matter of law because Clotee Downing did not have legal capacity to consent to the transaction, and that Downing was "tricked" into signing the grant deed by Debtor's principal Rayshon Foster.

## I.    ARGUMENTS AND AUTHORITIES

### A. The Complaint Should Be Dismissed Because It was Not Timely Filed Before the Expiration of the 180 Day Requirement

11 U.S.C. §1144 permits "on request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if and only if such order was procured by fraud." The order confirming the plan was entered on February 12, 2024. The Adversary Complaint was filed August 12, 2024, which is 182 days after the date of the entry of the order of confirmation.

The court must consider the 180-day requirement as a practical statute of limitations by which the plaintiff must comply. "In practical effect there is a 180-day statute of limitations that balances bankruptcy's strong policy of finality against the need to unravel frauds. After 180 days, one's options become more limited." *Official Comm. of Unsecured Creditors v. Michelson (In re Michelson)*, 141 B.R. 715, 723 (Bankr. E.D. Cal. 1992); *see Huntington Banks of Mich. v. Felcor/Lax Holdings LP*, 9 F. App'x 669, 670 (9th Cir. 2001) ("Section 1144's six-month time limit to file actions seeking revocation of a Plan is absolute, and no motion for revocation may be filed once the period has expired, regardless of the circumstances." (citing *Farley v. Coffee Cupboard, Inc. (In re Coffee Cupboard, Inc.)*, 119 B.R. 14, 19 (E.D.N.Y. 1990) )); Rule 9024 ("[A] complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330.").

The Ninth Circuit construed the 180 days requirement of §1144 as a bright line rule in *Dale C. Eckert Corp. v. Orange Tree Associates, Ltd. (In re Orange Tree Associates, Ltd.)*, 961 F.2d 1445 (9th Cir. 1992).

In that case, the creditor, Eckert, held a disputed secured claim. Debtor Orange Tree proposed a chapter 11 plan which Eckert voted to accept, and the bankruptcy court confirmed the plan. Three months later, the bankruptcy court entered a modified confirmation order to clarify ambiguities in the confirmation order. Less than 180 days after entry of the modified confirmation order, but more than 180 days after entry of the original confirmation order, Eckert filed a complaint seeking to revoke the confirmation order on the basis of fraud. The bankruptcy court dismissed the complaint as untimely. The BAP affirmed, and the Ninth Circuit Affirmed on appeal. The Ninth Circuit explained its rationale thus:

> "Congress has determined that a 180-day limitations period strikes the appropriate balance between the strong need for finality in reorganization plans and the interest in affording parties in interest a reasonable opportunity to discover and assert fraud. In recognition of the strength of the interest in finality of reorganization plans, courts have held uniformly that strict compliance with section 1144 is a prerequisite to relief. Expiration of the limitations period bars a motion to set aside the confirmation of a reorganization plan even if the fraud is not discovered until the period has passed."

In this case, the Plaintiff has simply filed its Complaint too late. The 9th Circuit has interpreted the 180 day rule as a bright line rule, and the Court has no choice but to dismiss the Complaint.

**B. The Complaint Should Be Dismissed As It Fails To State Facts That Meet the Elements of Fraud Under 11 U.S.C. §1144**

A motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. The issue raised by a Rule 12(b)(6) motion is whether the facts pleaded would, if established, support a valid claim for relief. *Storm v. United States*, 641 F3d 1051, 1067 (9th Cir. 2011); *SEC v. Cross Fin'l Services, Inc.*, 908 F.Supp. 718, 726-727 (CD CA 1995); *Beliveau v. Caras*, 873 F.Supp. 1393, 1395 (CD CA 1995).

The standard for dismissal incorporates and must be viewed in light of the simplified pleading standards embodied in the Federal Rules of Civil Procedure Rule 8(a). See *Swierkiewicz v. Sorema N.A*., 534 U.S. 506 (2002). According to Rule 8(a)(2), a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement is adequate so long as it "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id*. at 512.

For purposes of Rule 12(b)(6), a claim means a set of facts that, if established entitle the pleader to relief. *Bell Atlantic Corp. v. Twombly*, 550 US 544, 555 (2007). A Rule 12(b)(6) dismissal is proper when the complaint fails to allege either: (1) a cognizable legal theory or (2) absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Services, Inc*., 622 F3d 1035, 1041 (9th Cir. 2010). Moreover, to survive a motion to dismiss, the facts alleged must state a facially plausible claim for relief. *Id*. at 1041.

**Fraud Under 11 U.S.C. §1144**

"One purpose of section 1144 is to guard against the danger that a plan of reorganization will be accepted and confirmed through fraudulent statements or omissions by the plan proponent." *In re Michelson* (B.A.P. 9th Cir. 1992) 141 B.R. 715.

"Since the Congress did not define what constitutes "procured by fraud" for purposes of revoking confirmation, the question is left to judicial construction... the relatively broad range of frauds that justified revoking confirmation under the Bankruptcy Act confirms that a fraud upon the court is at the heart of "procured by fraud" as that term is used at section 1144." *Id* at 724. In this instance the alleged fraud is misrepresentation, or misrepresentation by omission, of material facts in the disclosure and confirmation process.

Fraud is a broad and ill-defined concept that encompasses fraud by the parties (which is sometimes subdivided into extrinsic and intrinsic fraud) and fraud on the court. *Id* at 724 citing *Gumport v. China Int'l Trust & Inv. Corp.* (*In re Intermagnetics America, Inc*.), 926 F.2d 912,

916 (9th Cir.1991). Since the Congress did not define what constitutes "procured by fraud" for purposes of revoking confirmation, the question is left to judicial construction. *Id* at 724.

"In order to find a fraud on the court in this case, it must be demonstrated that an officer of the court perpetrated a fraud, with fraudulent intent, that impaired the court's ability to perform its impartial adjudicatory responsibilities. Those three elements are considered in turn." *Id* at 727.

*An Officer of the Court:* The Complaint names as parties Rayshon Foster, Sonja Foster, and CRO Goodrich. Rayshon Foster and Sonja Foster are not attorneys and thus not officers of the court. CRO Goodrich is an attorney, although his role as chief restricting officer explicitly does not allow him to provide legal advice to the Debtor per the terms of the motion to employ CRO Goodrich [Bankruptcy Case ECF Dkt. 42].

*Perpetuated a Fraud with Fraudulent Intent:* The Complaint alleges that multiple bankruptcy documents were filed under penalty of perjury claiming the Debtor operated a real estate business i.e. the Debtor, (Compl.¶ 3), that the Debtor is essentially an alter ego of the Fosters, and that the Fosters have used the Debtor as a vehicle to commit "Ponzi fraud schemes" (Compl. ¶14). The Complaint fails to specify with particularity which documents are signed under penalty of perjury. The Complaint fails to state with particularity any fraudulent activity such as representations that were known to be false, who made said false representations, who relied on said false representations, and how any such fraudulent activity is related to the confirmation of the Chapter 11 plan. The only officer of the court named in the Complaint is CRO Goodrich. Nowhere does the Complaint state any facts that allege Goodrich undertook any fraudulent activities or made any fraudulent statements. Nowhere does the Complaint state any facts that demonstrate fraudulent intent for any actions taken by CRO Goodrich.

*Impairing the Adjudication Process*: Were a fraudulent scheme shown to be relied on by the court, it would manifestly impair the Court's adjudication process. No such scheme has been sufficiently alleged.

### C. Geoff Trapp Should Be Ordered To Not File Any Further Documents In His Name In This Case

Geoff Trapp represents in the Complaint that he is Clotee Downing's court appointed conservator of her estate. Trapp is not an attorney. Trapp previously filed in the Bankruptcy Case a document on behalf of Clotee Downing. See ECF Dkt 328. Trapp filed the Complaint which represents the legal interests of Clotee Downing. Trapp is, in effect, practicing law while not being a member of the California bar. The Court is bound by the federal statute and Ninth Circuit precedent prohibiting representation by non-attorneys. 28 U.S.C. § 1654; *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, [h]e has no authority to appear as an attorney for others than himself.'") (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir.1987)).

The Court should order Trapp not to file any further documents on behalf of Clotee Downing in this Adversary Case or the Bankruptcy Case and direct him to obtain legal counsel on her behalf before filing any further court documents.

## II.    CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court:

A. Find the Complaint was filed more than 180 days after the Chapter 11 Plan Confirmation Order;

B. Find that the Complaint does not sufficiently plead facts to support its Claim;

C. Order Geoff Trapp to cease filing legal documents in his name on behalf of Clotee Downing;

D. Dismiss the Complaint with prejudice.

Dated: February 21, 2024            Respectfully Submitted,

                                                     /s/ Richard Sturdevant
                                                     Richard Sturdevant, Esq.
                                                     Financial Relief Law Center, APC
                                                     Attorneys for Defendant
                                                     2nd Chance Investment Group LLC