Geoff Trapp
2551 East Avenue S, Suite G-166
Palmdale, CA 93550
(661) 214-4412
GrandmaHasAlzheimers@protonmail.com
*Not in his personal capacity, but solely in his official capacity as*
*Temporary Conservator of the Estate for Litigation Affairs of Clotee Downing*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 8:22-bk-12142-SC |
| 2nd CHANCE INVESTMENT GROUP, LLC, | Adv. Pro. Case No. 8:24-ap-01105-SC |
| Debtor | Chapter 11 |
| | **PLAINTIFF CLOTEE DOWNING'S EX PARTE APPLICATION FOR CONTINUANCE OF HEARING, OR IN THE ALTERNATIVE, PRELIMINARY OPPOSITION TO MOTIONS TO DISMISS OF DAVID M GOODRICH (DKT 9) AND 2ND CHANCE INVESTMENT GROUP LLC (DKT 10), AND REQUEST FOR IN-PERSON HEARING AND TO OFFER ORAL TESTIMONY.** |
| CLOTEE DOWNING, a legally incompetent individual, | |
| Plaintiff, | |
| vs. | |
| 2ND CHANCE INVESTMENT GROUP LLC, a California Limited Liability Corporation; RAYSHWAN ANDREW FOSTER a.k.a. RAYSHAWN FOSTER a.k.a. RAYSHON FOSTER a.k.a. RAYSHON BOYD, an individual; SONJA FOSTER a.k.a. SONJA KIRK a.k.a. SONIA PEREZ, an individual; DAVID M. GOODRICH, an individual; DOES 1 – 100 | **Current Hearing Date and Time** |
| | Date:           October 2, 2024 |
| | Time:           10:00 AM |
| | Courtroom:   5C |
| | Place:           411 W. Fourth St. |
| | Santa Ana, California 92701 |
| Defendants | |

1

Pursuant to LBR 7008-1, Plaintiff Clotee Downing must again respectfully decline to consent at this time to the entry of final orders or judgment by the bankruptcy court.

### EX PARTE APPLICATION FOR CONTINUANCE

Plaintiff Clotee Downing ("Downing"), a legally incompetent 83-year-old woman with Stage 7 Alzheimer's Disease, suing by her court-appointed Temporary Conservator of Estate Geoff Trapp ("Conservator") as permitted by Fed. R. of Bankr. Pro. Rule 7017 and Fed. R. of Civ. Pro. Rule 17(c)(1)(C), hereby respectfully requests a continuance of the current October 2, 2024 hearing dates on the Rule 12(c)(b)(6) Motions to Dismiss filed by Defendants David M. Goodrich ("Goodrich") at ECF Dkt. 9 ("Goodrich Motion"), and 2nd Chance Investment Group LLC ("2nd Chance") at ECF Dkt 10 ("2nd Motion") (collectively "the Motions").

**Downing just received these motions by mail yesterday, September 17, 2024**, and the Conservator has a prior competing legal deadline in the conservatorship case on September 19, 2024. The Conservator will not be able to research, compose and file a proper Opposition, or gather and prepare the necessary supporting Declarations, necessary to adequately protect Downing's rights by 3:59 PM on September 18, 2024 (the early deadline imposed by this Court's local rule denying non-attorneys access to CM/ECF, and requiring they use an Electronic Drop Box e-filing system instead). Over the last two years, the rulings this Court has made in the underlying Chapter 11 Bankruptcy Case have wrongfully stripped Downing of the home she lawfully owned, rendered her homeless, and deprived her of the only financial asset she had which could pay for the end of life care she now desperately needs. **Downing will likely die a years-earlier death as a result**. She had no ability to previously appear or defend herself against these grievous harms because prior to June 10, 2024, she had no Conservator of Estate who could act for her. Given the life-and-death consequences of these unfair circumstances, it is both necessary and appropriate to grant Downing a continuance on the Motions to dismiss her claim for relief, so she may have a fair opportunity to compose and file a proper Opposition.

Because of the severe time constraints of this situation, Defendants Goodrich and 2nd Chance have NOT been given prior notice of this ex parte Application prior to its filing, but will be served notice and a copy of this Application by mail.

**PRELIMINARY OPPOSITION IN THE ALTERNATIVE**

While Downing prays for a continuance so she may submit a proper Opposition to the Court, the Conservator wishes to offer this Court some proffer of what Downing's eventual Opposition will entail, so this Court will be clear that granting a continuance will not be a waste of time to stall a foregone conclusion. The Conservator also recognizes the procedural wisdom of placing *something* on the record in Opposition to the Motions by the current September 18, 2024 deadline, in case the Court is unwilling to afford Downing the additional time she needs to protect her rights. With these goals in mind, Downing respectfully offers this preliminary Opposition to the Motions, highlighting what Points and Authorities her final Opposition will likely entail.

**PRELIMINARY MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

**A. Regarding the Conservator's standing to file on Downing's behalf**

Federal Rule of Bankruptcy Procedure Rule 7017 makes Federal Rule of Civil Procedure 17(c)(1)(C) applicable to proceedings. That Rule plainly states that a conservator "may sue or defend on behalf of a minor or an incompetent person" in their capacity as that incompetent person's "representative." Rule 17(c)(2) then states that this Court "must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action."

However, 2nd Chance's Motion cites 28 U.S.C. § 1654, and the "counsel mandate" set forth in the 9th Circuit's so-called "*Johns* Rule" (*Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997), to argue that because the Conservator is not an attorney, he has no standing to sue or file any documents on Downing's behalf. "While a non-attorney may appear pro se on his own behalf, [h]e has no authority to appear as an attorney for

others than himself.'") (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir.1987)). *ECF Dkt. 10*, pg 7 at 1 – 15.

2nd Chance further argues that the this Court should order the Conservator "not to file any further documents on behalf of Clotee Downing in this Adversary Case or the Bankruptcy Case and direct him to obtain legal counsel on her behalf before filing any further court documents."

As a threshold issue, the Conservator notes 2nd Chance lacks standing to motion this Court for this relief, because they are essentially attempting to assert the protection of Downing's rights. Not only is this a role reserved by law to the Conservator, but it is particularly offensive for the alter ego of Defendants Rayshwan and Sonja Foster to suggest that *they* should now be the protectors of Downing's rights, after they were the ones who stole Downing's house, and stripped her rights away. What Ray and Sonja are actually asking this Court to do (via their 2nd Chance sock puppet alter ego) is to quickly silence and gag the voice of the one legally competent person who has bothered to critically investigate their crimes, gather voluminous supportive documentary and eyewitness evidence, and now threatens to ruin their bankruptcy fraud scheme and send them both to prison (where they belong) by spilling the evidentiary beans to this Court.

However, the Conservator has reviewed the cited cases (and several other *stari decisis* precedents addressing this issue), and strongly believes they do not fit the fact pattern of this case, and this Court should therefore decline to follow them. In short, the published precedents on this issue all have one common fact pattern: a non-lawyer attempting to come into a Federal court *at the beginning of a case*, and prompt a Federal court to *begin* to act upon the rights of a minor or incompetent person on the basis of that non-lawyer's representation of them. The legal rational behind the prohibition of this practice is to **protect** a minor or incompetent's person's rights from Federal court action without proper representation. This is perhaps why Rule 17(c)(2) requires courts to "appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action."

The fact pattern in this case does not fit this precedential mold, because (at the prompting of the Defendants in this Adversary Proceeding), this Court has already been acting upon – and stripping away - Downing's rights for nearly two years, without offering her any representation or protection. Accordingly, the protection rationale that underpins the entire line of case law on this subject cannot hold or apply here. This case stands on new fact pattern ground.

NONETHELESS, the Conservator plans to reply to this point by filing a separate motion, seeing three forms of alternative relief:

(1) Appoint Downing counsel;

(2) Recognize the different fact pattern and decline to apply the Johns Rule; or

(3) Stay this Adversary Proceeding, and grant Downing leave to adjudicate the question of whether 2nd Chance lawfully owned her home in the Superior Court of California for the County of Los Angeles, where the Conservator can appear on her behalf per California Code of Civil Procedure 372(a)(2)(A). This Court will then have a lawful ruling on this question, on which it can then proceed.

**B. Regarding the lack of factual allegations**

Defendant's point is well taken, and Downing will amend her complaint to include a more precise statement of the facts. A proper Opposition will include sworn declarations and supporting documentary evidence proving that Andy Warshaw and Defendant Goodrich both knew 2nd Chance did not lawfully own Downing's house.

Dated: September 18, 2024.                    Respectfully submitted,


                                              _____
                                              Geoff Trapp
                                              Conservator of Estate for Clotee Downing

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2551 East Avenue S, Suite G-166
Palmdale, CA 93550

A true and correct copy of the foregoing document entitled (*specify*): Plaintiff Clotee Downing's Ex Parte Application for Continuance of Hearing, or in the Alternative, Preliminary Opposition To Motions To Dismiss Of David M Goodrich (Dkt 9) and 2nd Chance Investment Group LLC (Dkt 10), and Request for In-Person Hearing and to Offer Oral Testimony.

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 9/18/2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | | | |
|---|---|---|---|
| 2nd Chance Investment Group LLC<br>c/o Financial Relief Law Center, APC<br>1200 Main St. Ste C<br>Irvine, CA 92614 | David M. Goodrich<br>3070 Bristol Street, Suite 640<br>Costa Mesa, California 92626 | Office of the United States Trustee<br>Queenie K. Ng<br>411 W Fourth St., Suite 7160<br>Santa Ana, CA 92701-4593 | Honorable Scott C. Clarkson<br>United States Bankruptcy Court<br>Central District of California, Santa Ana Division<br>411 W. Fourth St., Ste 5130/Ctrm 5C<br>Santa Ana, CA 92701-4593 |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/18/2024 | Michael Alexander Bartle | *Michael Bartle* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                            **F 9013-3.1.PROOF.SERVICE**