1  David M. Goodrich
   3070 Bristol Street, Suite 640
2  Costa Mesa, California 92626
   Telephone    714-966-1000
3  Facsimile    714-966-1002

4  Former Chief Restructuring Officer and
   Liquidating Trustee for Debtor/In Pro Per

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:22-bk-12142-SC |
| 2ND CHANCE INVESTMENT GROUP, LLC, | Adv. Pro. No.: 8:24-ap-01105 SC |
| Debtor. | Chapter 11 |
| | **RESPONSE TO DECLARATION OF ATHENA LEE IN SUPPORT OF PLAINTIFF CLOTEE DOWNING'S OMNIBUS MOTION TO OPPOSITION TO MOTION TO DISMISS COMPLAINT FILED BY DAVID M. GOODRICH** |
| CLOTEE DOWNING, a legally incompetent individual, | |
| Plaintiff, | **Hearing Date, Time and Location** |
| vs. | Date:         November 13, 2024<br>Time:        11:00 a.m.<br>Courtroom: 5C<br>Place:        411 W. Fourth St.<br>                  Santa Ana, California 92701 |
| 2nd CHANCE INVESTMENT GROUP LLC, erroneously sued as a California limited liability partnership, RAYSHAWN ANDREW FOSTER a.k.a. RAYSHON FOSTER a.k.a. RAYSHON FOSTER a.k.a. RAYSHON BOYD, an individual; SONJA FOSTER aka SONJA KIRK a.k.a. SONIA PEREZ, an individual; DAVID M. GOODRICH, an individual; DOES 1-100 | |
| Defendants, | |

1

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, PLAINTIFF CLOTEE DOWNING, THIRD PARTY GEOFF TRAP, ALL CO-DEFENDANTS, AND OTHER INTERESTED PARTIES:**

Defendant David M. Goodrich ("Trustee"), named in his individual capacity as a defendant herein, hereby responds to the *Declaration of Athena Lee in Support of Plaintiff Clotee Downing's Omnibus Opposition to Motions to Dismiss* ("Athena Declaration") as follows:

### I.    The Athena Declaration Is Late and Should Be Disregarded

Plaintiff Clotee Downing ("Plaintiff") belatedly offers a 47-page declaration of Athena Lee, who claims to have personal knowledge of various facts that might pertain to the Plaintiff's *Complaint for 1) Revocation of Order Confirming Chapter 11 Plan Pursuant to 11 U.S.C. § 1144;"* (sic) in support of her Opposition to Defendant David M. Goodrich's *Motion to Dismiss Complaint for Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to FRCP 12(b)(6)* ("Motion to Dismiss").  *See* Docket No. 23.

The Court's Order Continuing Hearings on (1) Motions to Dismiss {Dks. 9 & 10]; and (2) Status Conference entered on September 25, 2024 (Docket No. 18) ("Order") set a filing deadline of October 30, 2024 for the Plaintiff to file a further opposition to the Motion to Dismiss. The Athena Declaration was filed on October 31, 2024 - 1 day after the deadline.

Although the Court has discretion under Rule 6(b) to extend the Plaintiff's deadline to supplement her opposition, the Plaintiff did not seek an extension and the Court did not grant an extension.  *See* FRCP 6(b).  Even if the Court was inclined to provide the Plaintiff more time to file a supplemental pleading, it should not because the Court previously provided additional time to the Plaintiff in connection with her responsive deadline for the Motion to Dismiss.  *See* Docket Nos. 14 and 18.  The Plaintiff has been provided ample time to file pleadings in response to the Motion to Dismiss - yet the Plaintiff filed the Athena Declaration late.

Because the Athena Declaration is late, it should not be considered by the Court in the context of the Motion to Dismiss.

**II.     The Athena Declaration Should Be Disregarded Because It Improperly Contains Extrinsic Evidence That Should Not Be Considered under Rule 12(b)(6)**

The Athena Declaration offers factual allegations and documents that are not referenced in or attached to the Complaint.

Under Rule 12(b)(6), the …"scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006), citing *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1141 n. 5 (9th Cir.2003).

Notwithstanding the limited scope of review on a motion to dismiss under Rule 12(b)(6), the Court "…may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion. *Marder v. Lopez*, 450 F.3d at 448, citing *Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir. 1994), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *Warren*, 328 F.3d at 1141 n. 5, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 n. 3 (2d Cir. 2002).

The Athena Declaration presents factual allegations, most of which are new allegations, in support of the Plaintiff's Opposition to the Motion to Dismiss.  These allegations are not contained in a separate document and the Complaint does not reference any document that would contain such "facts" upon which the Complaint purported relies upon.  As such, the Court should not consider the extrinsic evidence in the form of factual allegations that are contained in the Athena Declaration because such evidence is well beyond the purview of a Rule 12(b)(6) complaint.

The Athena Declaration also attaches 118 pages of exhibits (including exhibit tabs) in support of the Plaintiff's Opposition to the Motion to Dismiss.  Admittedly, the Complaint refers to the following identifiable documents: (1) a grant deed (4:21-24, 25-28), (2) the Debtor's amended chapter 11 plan (3:4-5, 13-16; 4:6-10) , (3) the Debtor's amended disclosure statement (3:4-5, 13-16), and (4) a "private employment agreement" between the Debtor and the Trustee (3:17-21). Aside from the four listed documents, the remainder of documents attached to the Athena Declaration do not have any clear reference in the Complaint.  The Trustee does not object to the

Court considering the four documents conspicuously listed in the Complaint.  The remainder of documents attached to the Athena Declaration, however, exceed the permissible extrinsic evidence exception to Rule 12(b)(6) under prevailing 9th Circuit law and should be excluded from the Court's consideration on the Motion to Dismiss.

### III.    The Plaintiff Failed to Address the Fatal Flaw In Her Complaint - It Is Late

Plaintiff continues to ignore the most glaring issue with the claim for relief in the complaint - the deadline to seek revocation of the confirmation order passed before she filed her complaint.  *See* Athena Declaration, generally.  As discussed in the Motion, a request to revoke a confirmation order must be made within 180 days of the date of entry of the confirmation order.  *See* Motion, 5:8-11.  The Complaint was filed 182 days after the Court entered the confirmation order.  *Id.*, 5:12-14, Goodrich Declaration at ¶ 3, and Exhibit 1.  This deadline is a statute of repose.  The deadline was not extended by the Court.  As a result, no relief can be granted on the Plaintiff's claim for revocation of the confirmation order and the complaint should be dismissed with prejudice as a result.

### IV.    The Trustee and the Debtor's Professional's Cannot Be Sued for Matters Related to the Plan Confirmation

As noted by the Trustee previously, the apparently claims of the Plaintiff can not be leveled against the Debtor, the Trustee, or any professional of the Debtor in relation to the formulation and implementation of the *Chapter 11 Plan of Liquidation* ("Plan") made in good faith.  *See Chapter 11 Plan of Liquidation*, 49:1-8.  As such, the Court should deny any request for leave to amend the complaint should the Plaintiff intend to pursue claims against the Trustee that are related to the formulation and implementation of the Plan that were made in good faith absent sufficient evidence in support of such request.

/ / /

/ / /

/ / /

/ / /

/ / /

## V. CONCLUSION

Based upon the foregoing, the Trustee requests that the Complaint be dismissed with prejudice.

Dated: November 6, 2024

By: */s/ David M. Goodrich*
DAVID M. GOODRICH
Former Chief Restructuring Officer and Liquidating Trustee for 2nd Chance Investment Group, LLC

4876-7811-0391.1

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3070 Bristol St., Suite 640, Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*):  **RESPONSE TO DECLARATION OF ATHENA LEE IN SUPPORT OF PLAINTIFF CLOTEE DOWNING'S OMNIBUS MOTION TO OPPOSITION TO MOTION TO DISMISS COMPLAINT FILED BY DAVID M. GOODRICH** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **November 6, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Robert P Goe     kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
David M Goodrich     dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com
Charity J Manee     cmanee@goeforlaw.com, kmurphy@goeforlaw.com
Richard L. Sturdevant     rich@bwlawcenter.com
United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov
Andy C Warshaw     awarshaw@bwlawcenter.com, warshaw.andyb110606@notify.bestcase.com

☐ Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:
On (*date*) **November 6, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Geoff Trapp
Temporary Conservator of the Estate
2551 East Avenue S, Suite G-166
Palmdale, CA 93550

Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California, Santa Ana
411 W. 4th St, Ste 5130/Ctrm 5C
Santa Ana, CA  92701-4593

☐ Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 6, 2024 | David M. Fitzgerald | /s/ David M. Fitzgerald |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                F 9013-3.1.PROOF.SERVICE
0.0