**FILED & ENTERED**

NOV 12 2024

**CLERK U.S. BANKRUPTCY COURT
Central District of California
BY** mccall **DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>2nd Chance Investment Group, LLC,<br><br>Debtor(s).<br><br>Clotee Downing, etc.,<br><br>Plaintiff(s),<br>v.<br><br>2nd Chance Investment Group, LLC, et al.,<br><br>Defendant(s). | CHAPTER 11<br><br>Case No.:  8:22-bk-12142-SC<br>Adv No:   8:24-ap-01105-SC<br><br>**ORDER (1) GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND [DKS. 9, 10]; AND (2) VACATING HEARINGS**<br><br><u>Vacated Hearings</u>:<br>Date:       November 13, 2024<br>Time:       11:00 AM<br>Courtroom: 5C |

Before the Court are two motions to dismiss the above captioned adversary. On September 11, 2024, Former Chief Restructuring Officer and Liquidating Trustee for Debtor filed a Motion to Dismiss [Dk. 9]. On September 11, 2024, Defendant 2nd Chance Investment Group LLC also filed a Motion to Dismiss [Dk. 10]. Both Motions to dismiss

-1-

(collectively, "Motions" or "Motions to Dismiss") are set for hearing on November 13, 2024. The Court having reviewed the Motions, the pleadings filed in connection therewith, and the docket as a whole, finds this matter appropriate for disposition without a hearing, and finds good cause to GRANT the Motions and dismiss the adversary, in its entirety, with prejudice.

## I.    Background

On December 21, 2022, 2nd Chance Investment Group, LLC ("Debtor") filed a Chapter 11 voluntary petition. Debtor's Liquidating Plan was confirmed on February 12, 2024, by Court Order [Main Case 8:22-bk-12142, Dk. 381] ("Confirmation Order").

On August 10, 2024 ("Filing Date"), Geoff Trapp[1], not in his personal capacity, but solely in his official capacity as Temporary Conservator of the Estate for Litigation Affairs of Clotee Downing ("Plaintiff"), initiated the above captioned adversary. The only claim for relief is "Revocation of Order Confirming Chapter 11 Plan Pursuant to 11 U.S.C. § 1144."

On September 11, 2024, the Motions to Dismiss were filed. The Motions assert, *inter alia*, that the claims for relief in the Complaint are untimely.[2]

On September 18, 2024, Conservator filed an "Ex Parte Application for Continuance of Hearing, or in the Alternative, Preliminary Opposition to Motions to Dismiss of David M. Goodrich [Dkt 9] and 2nd Chance Investment Group LLC [Dkt 10], and Request for in-person Hearing and to Offer Oral Testimony" ("Opposition") [Dk. 14]. On September 25, 2024, the Court entered an order continuing the hearing on the Motions, which also provided Plaintiff additional time to file a further opposition, if any to the Motions [Dk. 17] ("Order"). The Order cautioned Plaintiff that the deadline to file any

---

[1] The Court notes without so ruling, that Mr. Trapp's representation of Plaintiff appears to be the unauthorized practice of law. *See Hansen v Hansen* (2003) 114 CA 4th 618, 622 (conservator who attempts to represent a conservatee or estate without legal counsel is deemed to be participating in the unauthorized practice of law); *Mahjobi v. Hang*, 2007 WL 1404381 (Cal. Ct. App. May 14, 2007) (non-attorney conservator cannot appear in propia persona on behalf of conservatee).

[2] The Court need not address other arguments contained in the Motions as the timeliness issue is dispositive in this instance.

opposition was October 30, 2024, and that no further extension would be granted. [*Id.* at pg. 2: ¶ 2]. On October 31, 2024, Plaintiff filed a Declaration of Athena Lee in Support of the Opposition [Dk. 23].

On November 6, 2024, Defendant David M. Goodrich ("Trustee") filed a reply [Dk. 24]. Defendant 2nd Chance Investment Group, LLC also filed a reply on November 6, 2024 [Dk. 25].

For the reasons set forth below, the Motions to Dismiss are granted, with prejudice, and the adversary dismissed as to all defendants.[3]

## II. Legal Standards

A. <u>Motion to Dismiss and Leave to Amend</u>

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable*

---

[3] The remaining named defendants, Sonja Foster and Rayshawn Foster, did not file responsive pleadings; however, the Court finds that in the interests of judicial efficient and economy, their inclusion to application of this order is warranted as their interests align with those of the moving parties. "A District Court may properly on its motion dismiss an action as to [non-moving defendants] where such defendants are in a position similar to that of the moving defendants[.]" *L.C. v. Cty. of Orange*, 2024 U.S. Dist. LEXIS 121440, at *1 n.1 (C.D. Cal. July 9, 2024) (citing *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981)).

*News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments, and thus leave to amend should be freely granted. *See, e.g.*, *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

B. 11 U.S.C. § 1144 – Revocation of an order of confirmation

Section 1144 of the Bankruptcy Code provides:

> On request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if and only if such order was procured by fraud. An order under this section revoking an order of confirmation shall—
> (1) contain such provisions as are necessary to protect any entity acquiring rights in good faith reliance on the order of confirmation; and
> (2) revoke the discharge of the debtor.

11 U.S.C. § 1144.

### III. Discussion

Here, the Complaint was filed on the 180th day following the Confirmation Order and seeks revocation of the Confirmation Order pursuant to 11 U.S.C. §1144. The Motions assert, *inter alia*, that the Complaint should be dismissed as it was not timely filed *before* the expiration of the 180-day requirement, as required by applicable law. As noted *supra*, the Court entered the Confirmation Order approving Debtor's Liquidating Plan on February 12, 2024 ("Plan Confirmation Date"). Thus, under § 1144, any action to revoke the Confirmation Order had to be brought *before* 180 days after its entry. The 180th day after the Confirmation Order was entered is August 10, 2024. Therefore, the last date by which a timely complaint seeking to revoke Debtor's Confirmation Order could be filed was August 9, 2024, the 179th day after entry of the Confirmation Order. As the Complaint was filed on August 10, 2024, which date exceeds the timeframe provided in § 1144, the Complaint is untimely.

The Supreme Court of the United States has held that when there is clarity in statutory text, the burden of persuasion is exceptionally heavy. *Union Bank v. Wolas*, 502 U.S. 151, 152, 112 S. Ct. 527, 528 (1991). The language of 11 U.S.C. § 1144 is clear. *Little v. Amber Hotel Corp. (In re Amber Hotel Corp),* 2015 U.S. Dist. LEXIS 115704, at *4 (C.D. Cal., 2015). Where "the statute's language is plain, 'the sole function of the Courts is to enforce it according to is terms.'" *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989) (citing *Caminetti* v. *United States*, 242 U.S. 470, 485 (1917)).

The Court in *In re Amber Hotel Corp*. relied on the bankruptcy court's findings that "Congress specifically used the word 'before,' which the Webster Dictionary defines as, 'preceding in time, or earlier than' . . .," which meant that the adversary complaint was due "'before 180 days,' 'preceding 180 days,' or 'earlier than 180 days' – in other words, 179 days . . ." *Id*. (citations omitted). The court found that the movant "failed to meet his 'exceptionally heavy' burden of demonstrating that 'before' means "within" given the plain language of 11 U.S.C. § 1144." *Id*. (citations omitted). This Court finds *In*

*re Amber Hotel Corp*. persuasive. Other circuits have also held that a complaint filed *on* the 180th day and not *before* is time barred. *Koropey v. Penn. Va. Corp. (Penn. Va. Corp.)*, 574 B.R. 78, 84 (Bankr. E.D. Va. 2017).

Furthermore, under applicable Ninth Circuit authority, this Court is prohibited from extending the deadline to file an adversary to revoke a confirmation order. *Huntington Banks v. Felcor/Lax Holdings Ltd. P'ship*, 9 F. App'x 669, 670 (9th Cir. 2001) ("Section 1144's six-month time limit to file actions seeking revocation of a Plan is absolute, and no motion for revocation may be filed once the period has expired, regardless of the circumstances.") (citation omitted). The Ninth Circuit has explained that:

> Congress has determined that a 180-day limitations period strikes the appropriate balance between the strong need for finality in reorganization plans and the interest in affording parties in interest a reasonable opportunity to discover and assert fraud. In recognition of the strength of the interest in finality of reorganization plans, courts have held uniformly that strict compliance with section 1144 is a prerequisite to relief.

*In re Orange Tree Assocs.,* 961 F.2d 1445, 1447 (9th Cir. 1992) (citing *In re Newport Harbor Assocs.,* 589 F.2d 20, 22 (1st Cir. 1978)).

Therefore, Plaintiff's filing of the adversary seeking to revoke the Confirmation Order, filed 180 days after the order's entry, is time barred and must be dismissed. Accordingly, the Court finds good cause to GRANT the Motions to Dismiss and now turns to the question of whether leave to amend should be granted, to which it responds in the negative.

Although the Ninth Circuit has a liberal policy favoring amendments, and leave to amend should be freely granted, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile."). Plaintiff, in the Opposition, requests leave to amend "to include a more precise statement of the facts." Here, the only cause of action asserted

by Plaintiff is to revoke the Confirmation Order. As the Complaint was untimely filed, however, no amendment to include a "more precise statement of the facts," could cure these a defect. Accordingly, leave to amend would be futile and is DENIED.

### IV.    Conclusion

For the foregoing reasons, the Motions to Dismiss are GRANTED, with prejudice. Leave to amend is DENIED. The Complaint is dismissed, in its entirety, as to all defendants.

**IT IS SO ORDERED.**

Date: November 12, 2024

Scott C. Clarkson
United States Bankruptcy Judge